IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-467-D

| | |
|---|---|
| CLARENCE ANDREW MCGUFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

On June 22, 2016, Clarence Andrew McGuffin ("McGuffin" or "plaintiff") filed a complaint against Carolyn W. Colvin ("Colvin" or "defendant"), the acting Commissioner of the Social Security Administration ("SSA") [D.E. 1]. McGuffin claims that the SSA discriminated against him on the basis of his disability in violation of Section 504 of the Rehabilitation Act of 1973. On August 25, 2016, Colvin moved to dismiss McGuffin's complaint under Federal Rule of Civil Procedure 12(b)(6) [D.E. 5] and filed a memorandum in support [D.E. 6]. On September 21, 2016, McGuffin responded in opposition [D.E. 9]. On October 3, 2016, Colvin replied [D.E. 10]. As explained below, the court grants Colvin's motion to dismiss McGuffin's untimely complaint.

I.

On February 8, 2010, the SSA hired McGuffin as an attorney advisor for the SSA's Office of Disability Adjudication and Review. Compl. [D.E. 1] ¶¶ 9–10. McGuffin, an honorably discharged veteran of the Gulf War, suffers from post-traumatic stress, depression, and anxiety due to his military service. Id. 2, ¶ 184. McGuffin informed the SSA of his disabled status when he applied for the position, and the SSA hired him. Id. ¶ 4. According to McGuffin, his disabilities substantially limit his ability to work. Id. ¶ 1. As such, McGuffin repeatedly requested reasonable accommodations, but the SSA either denied his requests or moved slowly to implement his requests. Id. ¶¶ 28–39. On February 4, 2011, the SSA terminated McGuffin's employment. Id. ¶ 11.

After his termination, McGuffin requested a hearing before the Equal Employment Opportunity Commission ("EEOC"), alleging that the SSA discriminated against him based on his disability in violation of the Rehabilitation Act of 1973. See [D.E. 6-2] (McGuffin v. Colvin, EEOC Decision No. 430-2011-00401X (Dec. 2, 2013)).[1] On December 2, 2013, an EEOC administrative judge found that the SSA did not discriminate against McGuffin when it terminated his employment. Id. at 17. On January 9, 2014, the SSA adopted the administrative judge's decision without modification and issued a final order. See [D.E. 6-3]. On February 14, 2014, McGuffin appealed the SSA's order to the EEOC's Office of Federal Operations. See [D.E. 6-4] (McGuffin v. Colvin, EEOC Appeal No. 0120141288 (Mar. 18, 2016)). On March 18, 2016, the EEOC's Office of Federal Operations affirmed the SSA's order. Id. at 5.

On June 22, 2016, McGuffin filed a civil action in this court asserting the same disability discrimination claim against Colvin. On August 25, 2106, Colvin moved to dismiss McGuffin's complaint, arguing that McGuffin's complaint is untimely and that equitable tolling does not apply.

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008);

---

[1] The court takes judicial notice of the EEOC and SSA orders. Fed. R. Evid. 201; Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Perry v. United States, No. TDC-14-2862, 2015 WL 3558081, at *1 n.1 (D. Md. June 2, 2015) (unpublished) (taking judicial notice of administrative decisions issued by the EEOC), aff'd, No. 16-1129, 2016 WL 5682564 (4th Cir. Oct. 3, 2016) (per curiam) (unpublished); Sewell v. Strayer Univ., No. DKC 12-2927, 2013 WL 6858867, at *5 n.9 (D. Md. Dec. 27, 2013) (unpublished) (same).

accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Id. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

The Rehabilitation Act of 1973 makes it unlawful for a federal agency to discriminate against an "otherwise qualified" federal employee with a disability "solely by reason of . . . his disability." 29 U.S.C. § 794(a); see Hooven-Lewis v. Caldera, 249 F.3d 259, 266–68 (4th Cir. 2001); Vanyan v. Hagel, 9 F. Supp. 3d 629, 637 (E.D. Va. 2014). A federal employee who believes that his employing agency discriminated against him in violation of the Rehabilitation Act must navigate the prescribed administrative process before filing a civil action in a United States District Court. See generally Pueschel v. Peters, 577 F.3d 558, 562–64 (4th Cir. 2009); Hooven-Lewis, 249 F.3d at 266–71; Adcock v. Roche, No. 5:04-CV-208(DF), 2006 WL 1285045, at *4–5 (M.D. Ga. May 5, 2006) (unpublished). The employee first must contact and consult with a counselor within 45 days of the alleged discriminatory action. See 29 C.F.R. § 1614.105(a)(1). If consulting with the counselor does not resolve the matter, the employee must file a complaint with the agency that

3

allegedly discriminated against him. See id. §§ 1614.105(d), 1614.106(a)-(b). The agency must then investigate the claim. See id. §§ 1614.106(e)(2), 1614.108. If, after investigation, the agency concludes that no discrimination occurred, the employee may request that the agency issue a final agency decision to that effect, which the employee then can appeal to the EEOC or can challenge in a civil action filed in a United States District Court. See id. §§ 1614.108(f), 1614.110(b), 1614.401(a), 1614.407(a); 42 U.S.C. § 2000e-16(c).[2] Instead of requesting a final decision, the employee may request a hearing before an administrative judge appointed by the EEOC. See 29 C.F.R. §§ 1614.108(f), 1614.109(a). If the employee chooses to proceed to a hearing before an administrative judge—as McGuffin did—the administrative judge will hold a hearing on the employee's claim and issue a written decision. See id. § 1614.109(i). The agency then either accepts or rejects the administrative judge's decision by issuing its own final order, which the employee may appeal to the EEOC or challenge in a civil action filed in a United States District Court. See id. §§ 1614.110(a), 1614.401(a), 1614.407(a). An employee "aggrieved" by the EEOC's decision on appeal may file a civil action in a United States District Court seeking de novo review of his discrimination claim. See id. § 1614.407(c); 42 U.S.C. § 2000e-16(c); Chandler v. Roudebush, 425 U.S. 840, 848, 864 (1976); Laber v. Harvey, 438 F.3d 404, 419–20 (4th Cir. 2006) (en banc). The employee must file his civil action within 90 days of receiving notice of the EEOC's final decision on the appeal. See 29 C.F.R. § 1614.407(c); 42 U.S.C. § 2000e-16(c).

On March 18, 2016, the EEOC's Office of Federal Operations issued its final decision on McGuffin's appeal from the SSA's order. See [D.E. 6-4]. That decision triggered the 90-day period for McGuffin. See 29 C.F.R. § 1614.407(c); 42 U.S.C. § 2000e-16(c). In its decision, the EEOC

---

[2] The remedies, procedures, and rights set forth in 42 U.S.C. § 2000e-16—including the 90-day time limitation for filing a civil action—apply to Rehabilitation Act claims. See 29 U.S.C. § 794a(a)(1); Cochran v. Holder, 564 F.3d 318, 319 (4th Cir. 2009); A Helping Hand, LLC v. Baltimore Cty., 515 F.3d 356, 362 (4th Cir. 2008); DiPaulo v. Potter, 570 F. Supp. 2d 802, 812 (M.D.N.C. 2008); Slate v. Potter, 459 F. Supp. 2d 423, 430 (M.D.N.C. 2006), aff'd, 365 F. App'x 470 (4th Cir. 2010) (per curiam) (unpublished).

4

notified McGuffin of his right "to file a civil action in an appropriate United States District Court within ninety (90) calendar days" from the date McGuffin received the decision. [D.E. 6-4] 4 (emphasis in original). The Certificate of Mailing attached to the EEOC's final decision also told McGuffin that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Id. at 5 (emphasis in original). Thus, McGuffin was presumed to have received the EEOC's final decision on March 23, 2016, and the 90-day deadline for filing a civil action fell on June 21, 2016. McGuffin, however, did not file his complaint with this court until June 22, 2016. See Compl. [D.E. 1]. McGuffin "does not dispute Defendant's contention that he missed the formal filing deadline that the regulation imposes" and admits that he "knew the deadline to be June 21, 2016." [D.E. 9] 20. Having failed to file suit within the 90-day filing period, McGuffin's complaint was untimely. See, e.g., Mullen v. McHugh, 452 F. App'x 326, 329–30 (4th Cir. 2011) (per curiam) (unpublished); Slate, 459 F. Supp. 2d 423 at 430.[3]

Notwithstanding McGuffin's untimely complaint, McGuffin contends that the court should equitably toll the 90-day filing period and permit his case to proceed. A plaintiff claiming discrimination due to disability under the Rehabilitation Act who fails to file suit within the 90-day filing period "generally forfeits the right to pursue his claim." Radin v. Runyon, 112 F.3d 510, *1 & n.* (4th Cir. 1997) (unpublished table opinion); see Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 150–52 (1984). The 90-day filing requirement, however, is "not a jurisdictional

---

[3] See also Gatewood v. Johnson, No. JKB-16-0854, 2016 WL 6569060, at *2–3 (D. Md. Nov. 4, 2016) (unpublished); Ross v. Brennan, No. PWG-15-814, 2016 WL 3440279, at *3 (D. Md. June 23, 2016) (unpublished); Puryear v. Shrader, No. PJM 11-3640, 2013 WL 1833262, at *1–2 (D. Md. Apr. 30, 2013) (unpublished), aff'd, 541 F. App'x 242 (4th Cir. 2013) (per curiam) (unpublished); Catone v. Potter, No. 5:08CV132, 2010 WL 1141352, at *1–3 (W.D.N.C. Mar. 22, 2010) (unpublished); Cameron v. Potter, No. Civ. A. 05-1116, 2006 WL 83488, at *1–2 (E.D. Va. Jan. 10, 2006) (unpublished), aff'd, 196 F. App'x 165 (4th Cir. 2006) (per curiam) (unpublished); Horton v. Brownlee, No. 5:04-CV-610-BO, 2005 WL 3299771, at *2 (E.D.N.C. Apr. 27, 2005) (unpublished), aff'd, 142 F. App'x 190 (4th Cir. 2005) (per curiam) (unpublished); Taylor v. Potter, 355 F. Supp. 2d 817, 818–19 (M.D.N.C. 2005).

prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (quotation omitted) (unpublished); see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93–96 (1990); Laber, 438 F.3d at 429 n.25.

Although courts can equitably toll the 90-day filing period, the party seeking the "extraordinary remedy" of equitable tolling bears "a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015). Equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); see Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, McGuffin must show that he (1) diligently pursued his rights, but (2) an extraordinary circumstance external to his own conduct prevented him from timely filing his claim. See Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); CVLR Performance Horses, Inc., 792 F.3d at 476. Under the "extraordinary circumstances" test, McGuffin is entitled to equitable tolling only if he demonsrates "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246; see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

McGuffin makes three arguments to support equitable tolling. First, McGuffin asserts that his pro se status, although not "an extraordinary factor in and of itself," is "worthy of consideration." [D.E. 9] 21. In support, McGuffin notes that after the EEOC's Office of Federal Operations issued its final decision on March 18, 2016, but before McGuffin's complaint was due in this court, the SSA offered a judgeship to the attorney that McGuffin had retained to represent him and that the attorney accepted the judgship. Id. at 22–23. McGuffin argues that had the SSA not "poached" his attorney, his attorney would have continued to represent McGuffin and timely filed McGuffin's

6

complaint. See id. at 23–24.

The court rejects McGuffin's argument. Lack of legal representation does not constitute an extraordinary circumstance external to a plaintiff's control warranting equitable tolling. See, e.g., Sosa, 364 F.3d at 512–13.[4] This conclusion applies with particular force here, because McGuffin is a licensed attorney of thirteen years who worked for the SSA as an attorney advisor drafting opinions for administrative judges. As such, the loss of McGuffin's attorney did not present an extraordinary circumstance.

Next, McGuffin contends that his "diminished mental capacity" impeded his ability to meet the filing deadline. [D.E. 9] 23–24. Courts have equitably tolled filing deadlines because of a plaintiff's mental condition "only in cases of profound mental incapacity," such as institutionalization or adjudged mental incompetence. See Sosa, 364 F.3d at 513; see also O'Bryant v. Oklahoma, 568 F. App'x 632, 636 (10th Cir. 2014) (unpublished); Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008); Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir.1998); Ocasio v. North Carolina, No. 5:09-HC-2135-FL, 2010 WL 3603787, at *5 (E.D.N.C. Sept. 8, 2010) (unpublished).

Assuming without deciding that McGuffin's mental condition "substantially limits [his] ability to perform major life activities, including sleep, interaction with others[,] and [his] ability to work," Compl ¶ 1, McGuffin nevertheless does not suffer from profound mental incapacity. Indeed, McGuffin asserts only that he might have met the deadline if he did not suffer from post-traumatic

---

[4] See also Irwin, 498 U.S. at 96; Sibrian v. Perry Corr. Inst., No. 2:15-2955-BHH, 2016 WL 5027587, at *4 (D.S.C. Sept. 20, 2016) (unpublished); Stroud v. Perry, No. 3:15CV608-FDW, 2016 WL 4490715, at *2 (W.D.N.C. Aug. 25, 2016) (unpublished); Best v. Wells, No. 5:14-HC-2090-D, 2016 WL 958204, at *3 (E.D.N.C. Mar. 8, 2016) (unpublished); Jones v. Peguese, No. JFM-12-2337, 2013 WL 1976006, at *4 (D. Md. May 10, 2013) (unpublished); United States v. Hall, No. 3:09CR00031-1, 2011 WL 4443586, at *1 (W.D. Va. Sept. 23, 2011) (unpublished); Milam v. Nicholson, No. 5:07-CV-00609, 2009 WL 159302, at *3 (S.D. W. Va. Jan. 20, 2009) (unpublished); Ugbo v. Knowles, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007); McCaskill v. Dep't of the Army, No. 1:05CV536, 2006 WL 314555, at *8 (M.D.N.C. Feb. 8, 2006) (unpublished); Rhew v. Beck, 349 F. Supp. 2d 975, 977–78 (M.D.N.C. 2004).

7

stress disorder, depression, and anxiety. See [D.E. 9] 23–24. Tellingly, McGuffin has suffered from these conditions since his wartime service in the Marine Corps during the early 1990s. See id. 2, ¶ 184; [D.E. 9] 23–24. Yet McGuffin has maintained an active bar license since 2003 and drafted legal opinions for SSA administrative judges in his role as an attorney advisor. Compl. ¶¶ 41–43, 45, 66, 94–97, 100. McGuffin also timely filed his own documents in the various administrative proceedings concerning this case without missing a filing deadline. See [D.E. 9] 26–27. McGuffin does not assert that his condition deteriorated during the time period in which he had to file his civil complaint such that his mental condition prevented him from complying with the deadline he seeks to toll. Furthermore, the "complexity and lucidity of [McGuffin's] numerous court filings" in this case belies his suggestion that his mental capacity so diminished as to warrant equitable tolling. See Sosa, 364 F.3d at 513; Farabee v. Johnson, 129 F. App'x 799, 804 (4th Cir. 2005) (per curiam) (unpublished).[5] Instead, McGuffin's "diligence in [pursuing this action] indicates quite clearly that his is not an extraordinary case." Sosa, 364 F.3d at 513. Simply put, McGuffin has failed to establish that his mental condition rises to the level of "profound mental incapacity." As such, McGuffin's mental condition is not an extraordinary circumstance that warrants equitable tolling. See, e.g., id. at 507; Robison v. Hinkle, 610 F. Supp. 2d 533, 542 (E.D. Va. 2009).

Finally, McGuffin cites his repeated, but unsuccessful, attempts to log into CM/ECF to electronically file his complaint before the 90-day period for doing so lapsed at midnight on June 22, 2016. [D.E. 9] 24–26.[6] McGuffin first attempted to log into CM/ECF at 9:23 pm on June 21, 2016,

---

[5] See also Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1010 (9th Cir. 2011); Holbert v. Greenville Tech. Coll., No. 6:11-2846-HMH-KFM, 2012 WL 2922603, at *2 (D.S.C. July 18, 2012) (unpublished), aff'd, 506 F. App'x 242 (4th Cir. 2013) (per curiam) (unpublished); Ocasio, 2010 WL 3603787, at *5; Johnson v. Rowley, No. JFM-08-2980, 2009 WL 2358360, at *3 (D. Md. July 29, 2009) (unpublished); Robison, 610 F. Supp. 2d at 540 & n.16 (collecting cases); Milam, 2009 WL 159302, at *3; Garland v. Ray, No. CIV.A. 7:06-CV-00620, 2006 WL 3474333, at *3 (W.D. Va. Nov. 30, 2006) (unpublished).

[6] The court's Case Filing Administrative Policies and Procedures Manual states that "[a] document will be deemed timely filed if filed prior to midnight Eastern Time (12:00 a.m.)." Policy

just over two-and-a-half hours before his complaint was due. Id. at 24. His login credentials, however, were not accepted, and he could not retrieve or reset his password despite calling and then emailing the CM/ECF help desk. Id. at 24–25. McGuffin then texted the attorney who had represented him during his administrative proceedings and requested that she e-file his complaint. See id. at 25. Receiving no response, he next called this court's clerk's office. Id. McGuffin placed the call after normal business hours, and no one answered, prompting McGuffin to leave a voice mail. Id. In the end, McGuffin failed to file his complaint via CM/ECF before midnight. Instead, he filed his complaint in person with the clerk's office on the morning of June 22, 2016. See Compl. [D.E. 1].

Preventable issues with the electronic-filing system during the final hours of a filing period do not constitute extraordinary circumstances that warrant equitable tolling. See, e.g., U.S. SEC v. Maxxon, Inc., 465 F.3d 1174, 1183 & n.19 (10th Cir. 2006); Perry v. Accurate Staffing Consultants, Inc., No. 3:10-CV-201-FDW-DCK, 2010 WL 2650881, at *4 (W.D.N.C. June 30, 2010) (unpublished); Johnson v. Astrue, No. 3:09-CV-46, 2010 WL 2365527, at *3 (N.D. W. Va. June 8, 2010) (unpublished); IJames v. Autumn Corp., No. 1:08CV777, 2009 WL 2171252, at *7 (M.D.N.C. July 20, 2009) (unpublished).[7] Additionally, the court's Case Filing Administrative Policies and Procedures Manual ("Policy Manual") put McGuffin on notice that any issues experienced while attempting to log into CM/ECF would not excuse a late filing. The Policy Manual warns users that

---

Manual, E(3), G (http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf); see also Standing Order 06-PLR-2, In re: Procedural Rules for Electronic Filing, ¶ 10 (E.D.N.C. Jan. 30, 2006).

[7] See also Kellum v. Comm'r of Soc. Sec., 295 F. App'x 47, 50 (6th Cir. 2008) (unpublished) (late filing caused by plaintiff's "decision to wait until the last possible day to file his complaint" did not amount to an extraordinary circumstance beyond his control); Khrayan v. Lewis, No. CV-13-7270-JAK(E), 2014 WL 562455, at *4 (C.D. Cal. Feb. 10, 2014) (unpublished); Towner v. Astrue, No. C10-0091, 2011 WL 3875425, at *2–7 (N.D. Iowa Aug. 31, 2011) (unpublished); Townsley v. Astrue, No. 8:07–CV–1335, 2008 WL 1897598, at *4–5 (M.D. Fla. Apr. 28, 2008) (unpublished); Deluzio v. Family Guidance Ctr. of Warren Cty., No. 06-6220(FLW), 2007 WL 2990621, at *4 (D.N.J. Oct. 10, 2007) (unpublished).

"[f]iling documents electronically does not in any way alter any filing deadlines" and that "[p]roblems with the filing user's system . . . will not constitute a technical failure under these administrative procedures nor excuse an untimely filing." See Policy Manual, G, Q, Q(3) (http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf). Would-be filers are thus "encouraged to file during normal business hours so that alternative means of filing will be possible" should technical difficulties arise. Id. at Q. McGuffin, however, waited to file his action outside of business hours on the last possible day. He "should have known he ran a risk in filing the complaint on the [evening] of the expiration of the ninety-day period." Perry, 2010 WL 2650881, at *4. Moreover, McGuffin apparently did not attempt to verify his login credentials before trying to log into CM/ECF at 9:23 pm on June 21, 2016—just two-and-a-half hours before his complaint was due. If a would-be filer anticipates filing outside of normal business hours, prudence dictates that he would verify his login credentials and make sure that he can access CM/ECF before the eleventh hour. Far from representing an extraordinary circumstance warranting equitable tolling, McGuffin's story is "a classic reminder of the risks that [plaintiffs] take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007). Principles of equitable tolling do not extend to such "garden variety claims of excusable neglect." See, e.g., Irwin, 498 U.S. at 96; Rouse, 339 F.3d at 246. Thus, equitable tolling does not apply, and the court grants defendant's motion to dismiss.

III.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 5] and DISMISSES plaintiff's complaint as untimely. The clerk shall close the case.

SO ORDERED. This _3_ day of January 2017.

JAMES C. DEVER III
Chief United States District Judge